**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JANE DOE VICTIM,** | **CASE NO. 1:20-CV-1195** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **LARRY FLYNT'S HUSTLER CLUB et al.,** | **MEMORANDUM OF OPINION AND** |
| **Defendants.** | **ORDER** |

This matter comes before the Court upon the Motion to Stay or Dismiss in Favor of Arbitration and for Attorney Fees and Costs of Defendant HDV Cleveland, LLC ("HDV Cleveland"). (Doc. No. 8.) Plaintiff Jane Doe Victim ("Doe") filed a brief in opposition to HDV Cleveland's Motion to Stay or Dismiss in Favor of Arbitration and for Attorney Fees and Costs on June 25, 2020, to which HDV Cleveland replied on July 1, 2020. (Doc. Nos. 10, 11.) Defendant Alysia Smith also filed a Motion to Dismiss on August 20, 2020, which Doe opposed on August 24, 2020. (Docs. No. 14, 15.)

For the following reasons, HDV Cleveland's Motion to Stay or Dismiss in Favor of Arbitration and for Attorney Fees and Costs (Doc. No. 8) is GRANTED IN PART and DENIED IN PART. Smith's Motion to Dismiss (Doc. No. 14) will be denied as moot. All parties are ordered to arbitration as set forth below.

**I.      Background**

This matter stems from a May 2, 2019 physical altercation in which Plaintiff Jane Doe Victim ("Plaintiff" or "Doe") alleges that Defendant Alysia Smith ("Defendant Smith" or "Smith") attacked

her in the locker room at Larry Flynt's Hustler Club ("the Club")[1] in Cleveland, Ohio. (Doc. No. 1-1 at PageID# 14.) Both Doe and Smith performed at the Club as Independent Professional Entertainers, pursuant to the terms of a Dancer Performance Lease ("the Lease"). (Doc. No. 8 at PageID# 86; *see also* Doe's Lease, Doc. No. 6-1; Smith's Lease, Doc. No. 6-2.) Defendant HDV Cleveland does business as "Larry Flynt's Hustler Club" and operates an adult nightclub under the trade name "Larry Flynt's Hustler Club." (Doc. No. 6 at ¶¶ 2, 3.)

Doe signed her Lease with HDV Cleveland on March 18, 2019. (Doc. No. 6-1 at PageID# 72.) Doe's Lease included an arbitration provision in paragraph 21, titled "**MUTUAL AGREEMENT TO ARBITRATE/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS**." (*Id.* at PageID# 68) (emphasis in original.) Smith signed her Lease with HDV Cleveland on April 25, 2019. (Doc. No. 6-2 at PageID# 81.) Smith's Lease included an identical arbitration provision in paragraph 21. (*Id.* at PageID# 77.)

On April 29, 2020, Doe filed a Complaint in the Cuyahoga County Court of Common Pleas against several defendants, including Larry Flynt's Hustler Club, HDV Cleveland, Smith, and John Does 1 – 5 (names unknown). (*Id.* at PageID# 13.) Doe alleges five state law claims, all stemming from the May 2, 2019 altercation: (1) negligence/recklessness, (2) battery, (3) assault, (4) negligent supervision, and (5) vicarious liability. (*Id.*) She seeks punitive and compensatory damages, costs, and other equitable relief as appropriate. (*Id.* at PageID# 16-17.)

---

[1] HDV Cleveland denies that "Larry Flynt's Hustler Club" is a legal entity capable of being sued. (Doc. No. 6 at ¶¶ 2, 3.) For simplicity's sake, the Court will refer to the physical premises as "the Club."

On June 1, 2020, HDV Cleveland removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and filed its Answer to Doe's Complaint. (Docs. No. 1, 6.) Doe did not oppose removal.

On June 12, 2020, HDV Cleveland filed the instant Motion to Stay or Dismiss in Favor of Arbitration and for Attorney Fees and Costs. (Doc. No. 8.) Therein, HDV Cleveland asserts that Doe's claims are subject to binding arbitration pursuant to Paragraph 21 of the parties' Lease Agreement. HDV Cleveland requests that the Court dismiss Doe's complaint or else stay the present action, pending the outcome of binding arbitration. (*Id.* at PageID# 84.) Additionally, HDV Cleveland requests that, pursuant to a provision in the Lease providing for attorney fees and costs to the prevailing party in arbitration enforcement actions, the Court award HDV Cleveland all attorney fees and costs associated with enforcing Doe's arbitration agreement. (*Id.*)

Doe filed an Opposition to HDV Cleveland's Motion to Stay or Dismiss. (Doc. No. 10.) Therein, Doe does not dispute that her claims with respect to HDV Cleveland are subject to arbitration and does not object to arbitrating her claims against HDV Cleveland. (*Id.* at PageID# 130.) Instead, Doe argues that the matter ought to be stayed, rather than dismissed. (*Id.*) Further, she argues any assessment of attorney fees against her is unconscionable, noting that Ohio courts have struck down such "loser pays" arbitration agreements on that basis. (*Id.* at PageID# 130-31.)

On July 1, 2020, HDV Cleveland filed a Reply in Support of its Motion. (Doc. No. 11.)

Meanwhile, Doe never effectuated service on Smith. Nevertheless, Smith filed a *pro se* Motion to Dismiss Plaintiff's Claims with Prejudice on August 20, 2020. (Doc. No. 14.) Smith includes numerous exhibits related to the alleged assault at the Club and other unrelated conflicts

between her and Doe. (Docs. No. 14-1–14-14.) Smith does not address whether Doe must arbitrate her claims against Smith.

On August 21, 2020, the Court ordered the parties to re-serve Smith with all previously filed pleadings at the mailing and email addresses that Smith indicated in her Motion to Dismiss. In addition, the Court provided Smith with 30 days from the date of service to respond to HDV Cleveland's Motion to Stay or Dismiss in Favor of Arbitration.

On August 24, 2020, HDV Cleveland notified the Court of its compliance with the Court's August 21, 2020 Order. (Doc. No. 16 at PageID# 298.) HDV Cleveland served all documents from this docket, as well as all state court documents, upon Smith at her mailing and email addresses. (*Id.*) Thus, Smith's response, if any, to HDV Cleveland's Motion to Stay or Dismiss was due by no later than September 24, 2020.

Doe filed an Opposition to Smith's Motion to Dismiss on August 24, 2020. (Doc. No. 15.) Therein, Doe states the following:

> Defendant Hustler has already filed a motion to dismiss on the basis of an arbitration agreement in the employment contract. Plaintiff has agreed that the employment contract of both Plaintiff and Defendant Smith requires arbitration. See Employment Contract of Alysia Smith, attached as Ex. A and Jane Doe Plaintiff, attached as Ex. B.
>
> Plaintiff has previously requested a dismissal without prejudice in the event that the arbitrator denies that the claim is subject to arbitration.

(Doc. No. 15 at PageID# 287) (emphasis in original). Smith did not timely file any Reply in Support of her Motion to Dismiss. Nor did she respond to HDV Cleveland's Motion to Stay or Dismiss in favor of Arbitration.

**II.     Analysis**

**A.  Arbitration**

The Federal Arbitration Act ("FAA") provides that an arbitration clause in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This provision establishes 'a liberal federal policy favoring arbitration agreements.'" *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

If a court finds that a party's claims are referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. "Notwithstanding the plain language of the statute, however, the Sixth Circuit has interpreted section 3 as permitting dismissal of cases in which all claims are referred to arbitration." *1st Choice Auto Brokers, Inc. v. Credit Acceptance Corp.*, No. 2:06-CV-816, 2007 WL 2079722, at *2 (S.D. Ohio July 17, 2007); *accord Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (affirming dismissal and rejecting argument that "9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them"); *Hensel v. Cargill, Inc.*, No. 99-3199, 1999 WL 993775, at *4 (6th Cir. Oct. 19, 1999) ("[L]itigation in which all claims are referred to arbitration may be dismissed."); *Bd. of Trustees of Metrohealth Sys. v. Eramed, LLC*, No. 1:09 CV 2645, 2010 WL 3239011, at *7 (N.D. Ohio Aug. 16, 2010) ("[B]ecause all of the claims are subject to arbitration, a dismissal, rather than a stay, is warranted.").

Here, HDV Cleveland argues that Doe's claims (against both HDV and Smith) are subject to arbitration pursuant to Paragraph 21 of the parties' Lease Agreement. That Paragraph is titled

5

"**MUTUAL AGREEMENT TO ARBITRATE/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS**" and provides:

> **IN ORDER TO RESOLVE DISPUTES THAT MAY ARISE OUT OF ENTERTAINER PERFORMING OR HAVING PERFORMED AT THIS CLUB, THE CLUB HAS ESTABLISHED A PRIVATE "ARBITRATION" PROCESS SET OUT IN THIS PARAGRAPH 21. ARBITRATION IS SIMILAR TO A COURT PROCEEDING BUT IT'S LESS FORMAL, LESS TIME-CONSUMING, AND CAN BE LESS EXPENSIVE THAN GOING TO COURT.**
>
> **THROUGH ARBITRATION, THE PARTIES AGREE TO HAVE DISPUTES THAT CANNOT OR WILL NOT BE DECIDED AND CONCLUDED BY AN ADMINISTRATIVE AGENCY (REFERRED TO IN THIS PARAGRAPH 21 AS "NONADMINISTRATIVE" DISPUTES OR CLAIMS) RESOLVED BY AN "ARBITRATOR," INSTEAD OF BY A COURT OR JURY. THE ARBITRATOR IS USUALLY A LAWYER AND IS SOMETIMES A RETIRED JUDGE.**
>
> **THE PARTIES AGREE THAT ALL NON-ADMINISTRATIVE DISPUTES SHALL BE RESOLVED AND ADMINISTERED AS FOLLOWS:**
>
> **A. ANY CONTROVERSY, DISPUTE, OR CLAIM ARISING OUT OF, OR RELATING IN ANY WAY TO, THIS LEASE, ITS TERMINATION, ENTERTAINER PERFORMING AND/OR WORKING AT THE CLUB AT ANY TIME, OR THE TERMINATION OF SUCH PERFORMANCES OR WORK (COLLECTIVELY IN THIS PARAGRAPH 21, A "CLAIM" OR "CLAIMS"), SHALL BE RESOLVED EXCLUSIVELY BY BINDING ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT (THE "F.A.A.").**
>
> **THIS REQUIREMENT TO ARBITRATE ANY AND ALL NON-ADMINISTRATIVE CLAIMS APPLIES REGARDLESS OF:**
>
> **i) WHETHER SUCH A CLAIM IS BASED UPON CONTRACT, COMMON LAW, EQUITY, STATUTE, REGULATION, ORDINANCE, OR OTHERWISE; AND**
>
> **ii) WHETHER A CLAIM BY ONE PARTY IS ONLY AGAINST THE OTHER PARTY OR IS ALSO, OR IS ALTERNATIVELY, AGAINST PERSONS OR ENTITIES ASSOCIATED IN ANY WAY WITH THE OTHER PARTY, INCLUDING BUT NOT LIMITED TO PREDECESSORS IN INTEREST, SUCCESSORS IN INTEREST, HEIRS, AND ALL PAST, PRESENT, AND FUTURE OWNERS, DIRECTORS, MANAGERS, OFFICERS, EMPLOYEES,**

> **CONSULTANTS, LANDLORDS, LICENSORS, AGENTS, LEGAL REPRESENTATIVES, EXECUTORS, ADMINISTRATORS, AND ASSIGNEES; WITH EACH SUCH INDIVIDUAL AND ENTITY ALSO BEING CONSIDERED TO BE A "PARTY" FOR PURPOSES OF THIS PARAGRAPH 21.**
>
> **THE ARBITRATION PROCEEDING SHALL OCCUR IN THE STATE OF OHIO, AND SHALL BE ADMINISTERED BY AN INDEPENDENT NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD -- SUBJECT ONLY TO THE RESTRICTIONS CONTAINED IN THIS PARAGRAPH 21 -- ANY RELIEF AVAILABLE IN A COURT.**
>
> **<u>THE PARTIES WAIVE THE RIGHT TO LITIGATE ALL SUCH NON-ADMINISTRATIVE CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY.</u>**

(Doc. No. 6-1 at PageID# 68-69) (emphasis in original). Further, Paragraph 21 also contains a Delegation Clause:

> **SUBJECT ONLY TO THE TERMS OF THE F.A.A. AND THIS PARAGRAPH 21, THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTES OVER THE FORMATION, VALIDITY, INTERPRETATION, SCOPE, AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THE ARBITRATION PROVISIONS CONTAINED IN THIS PARAGRAPH 21.**

(*Id.*)

As a threshold matter, the Court finds that all of Doe's claims against HDV Cleveland are arbitrable. There is no dispute that all of Doe's claims against HDV Cleveland are subject to arbitration. Doe concedes as much in her Brief in Opposition to HDV Cleveland's Motion to Stay or Dismiss: "Plaintiff is not asserting an objection to the validity and enforceability of the arbitration provision of the Lease . . . . Plaintiff consents, and has never refused, to enter into arbitration." (Doc. No. 10 at PageID# 130.) Moreover, all of Doe's claims against HDV Cleveland fall within the types

7

of claims covered by the Arbitration Agreement in Doe's Lease. (*See* Doc. No. 6-1 at PageID# 68-69.)

With respect to her claims against Smith, Doe initially argued that these claims "may not be subject to arbitration" and therefore, this action should be stayed. (*Id.*) However, in her Brief in Opposition to Smith's Motion to Dismiss, Doe subsequently concedes that her claims against Smith are subject to arbitration: "Plaintiff has agreed that the employment contract of both Plaintiff and Defendant Smith requires arbitration . . . . Plaintiff has previously requested a dismissal without prejudice in the event that the arbitrator denies that the claim is subject to arbitration." (Doc. No. 15 at PageID# 287.)

Smith does not address the issue of arbitration in her Motion to Dismiss. Further, although given the opportunity to do so, Smith did not oppose HDV Cleveland's Motion to Stay or Dismiss in favor of Arbitration.

The Court agrees with Doe's later contention that her claims against Smith should be sent to the arbitrator. Neither Doe, nor HDV Cleveland, nor Smith challenge sending Doe's claims against Smith to the arbitrator. Further, the issue of whether Doe's claims against Smith, a non-signatory to Doe's Lease, are indeed arbitrable is for the arbitrator to decide. As noted above, the parties' Lease Agreement contains a Delegation Clause. (Doc. No. 6-1 at PageID# 69.) The parties' Delegation Clause is identical to the clause at issue in *DeAngelis v. Icon Entm't Grp.*, 364 F. Supp. 3d 787,797 (S.D. Ohio 2019). DeAngelis, a performer at a different adult nightclub, brought state and federal fair wage claims against the club and its individual operators. *DeAngelis*, 364 F. Supp. at 790. Like Doe, DeAngelis also signed an independent performer lease that contained an identical arbitration provision. *Id.* at 790-91. Like Doe, DeAngelis also agreed to mandatorily arbitrate all claims that

8

may arise from performing at the club. *Id.* And like Doe, DeAngelis also agreed to delegate "exclusive authority to resolve any disputes" over the agreement, including over the arbitration provision, to the arbitrator. *Id.* at 791, 794. The *DeAngelis* court found in relevant part as follows:

> [T]o adjudicate whether Ms. De Angelis is bound to arbitration with parties that she alleges are nonsignatories would be to engage in the type of analysis that the Supreme Court held impermissible in *Henry Schein, Inc. v. Archer & White Sales, Inc.* There, the Court opined that once the parties have a delegation clause, "a court possesses no power to decide the arbitrability issue," *Henry Schein, Inc.*, 139 S.Ct. at 529 (emphasis added), and that "[j]ust as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator." *Id.* at 530. Whether a nonsignatory can enforce the arbitration agreement is a question of the enforceability of the arbitration clause, as to that defendant.

*DeAngelis*, 364 F. Supp. at 796-97. The *DeAngelis* court's rationale is persuasive here, particularly because Doe's Delegation Clause is identical to the one in *DeAngelis*. Therefore, whether Doe is required to arbitrate her claim against Smith must be determined by the arbitrator.

Thus, all of Doe's claims are subject to arbitration. Doe's claims will be dismissed. *See Hensel*, 1999 WL 993775 at *4. The Court notes that HDV Cleveland did not style its motion as one to compel arbitration. However, given the nature of the relief requested, the Court will construe HDV Cleveland's "Motion to Stay or Dismiss in Favor of Arbitration" as including a request to compel arbitration. Therefore, all parties are ordered to arbitration pursuant to the terms outlined in Paragraph 21 of the Lease.

### B. Attorney Fees and Costs

HDV Cleveland also moves for attorneys' fees and costs, pursuant to Paragraph 21(D) of the Lease. (Doc. No. 8 at PageID# 102.) Paragraph 21(D) states that "**IN THE EVENT THAT ANY PARTY CHALLENGES, OR IS REQUIRED TO INITIATE PROCEEDINGS TO ENFORCE, THE ARBITRATION REQUIREMENTS OF THIS PARAGRAPH 21, THE**

9

**PREVAILING PARTY TO SUCH CHALLENGES/ENFORCEMENT PROCEEDINGS SHALL BE ENTITLED TO AN AWARD OF ALL COSTS, INCLUDING REASONABLE ATTORNEY FEES, INCURRED IN LITIGATING SUCH ISSUES.**" (Doc. No. 6-1 at PageID# 70.)

HDV Cleveland argues that this provision entitles it to "an award of reasonable attorney fees and costs . . . ." (Doc. No. 8 at PageID# 102.) Doe argues that "loser pays" and other similar penalty provisions in arbitration agreements are unconscionable under applicable Ohio law. (Doc. No. 9 at PageID# 130-31.) HDV Cleveland responds that, per the Lease's Delegation Clause, "Plaintiff's challenge to the attorney fee and costs provision of the Lease must be decided by the arbitrator." (Doc. No. 11 at PageID# 135.)

The Lease's Delegation Clause and attorney fees provision are identical to the ones at issue in *DeAngelis v. Icon Entertainment Group Inc.* In *DeAngelis*, the defendants argued that they were entitled to attorney fees associated with the costs of enforcing the plaintiff's arbitration agreement in court. *DeAngelis*, 364 F. Supp. 3d at 797. The plaintiff argued that the fee provision could not be enforced because the Fair Labor Standards Act did not permit such fees. *Id.* With respect to defendants' motion for attorney fees, the *DeAngelis* court stated the following:

> Although under the "American rule," each party pays its own way in litigation, such arrangement can be preempted by contract, even in the FLSA context. *See Cook v. All State Home Mortg.*, 329 F. App'x 584, 588-89 (6th Cir. 2009) (unpublished). The arbitration agreement clearly provides for attorney's fees and costs where, as here, one party must take action to enforce the arbitration agreement. Such provisions typically are enforceable. *See, e.g., Cook v. All State Home Mortg., Inc.*, No. 1:06 CV 1206, 2006 WL 2252538, at *3, 2006 U.S. Dist. LEXIS 54621, at *9–10 (N.D. Ohio Aug. 7, 2006); *Cook*, 329 F. App'x at 589; *Johnson v. Western & Southern Life Co.*, No. 1:13-cv-01659-SEB-DKL, 2014 WL 4370772, at *6, 2014 U.S. Dist. LEXIS 122469, at *14 (S.D. Ind. Sept. 3, 2014).

> But to assess fees before the arbitration agreement is found valid would be to put the cart before the horse. The parties' delegation clause requires that Ms. De Angelis's challenges to the validity of the arbitration agreement be submitted to an arbitrator. It is possible that the arbitrator would find the arbitration agreement invalid. While the delegation clause would still have required the parties to resolve such challenges through arbitration, it would make little sense to grant attorney's fees when the validity of the arbitration agreement has yet to be determined. *Cf. Cook v. All State Home Mortg., Inc.*, 2006 WL 2794702, at *3, 2006 U.S. Dist. LEXIS 69541, at *9 (N.D. Ohio 2006) (finding no jurisdiction over to assess previously ordered fees because issue of fees was "inherently bound up with the decision on the validity of the arbitration clause," which was on appeal).

*Id.* at 797-98.

The Court agrees with the *DeAngelis* court's reasoning.  Subject to the express terms of the Lease's Delegation Clause, Doe and HDV Cleveland agreed that "the arbitrator shall have exclusive authority to resolve any disputes over the formation, validity, interpretation, scope, and/or enforceability of any party of this Lease, including the arbitration provisions contained in this Paragraph 21."  (Doc. No. 6-1 at PageID# 69.)  As in *DeAngelis*, it is possible that the arbitrator will find the Lease's attorney fee provision to be unconscionable.  In the face of that possibility, it makes "little sense to grant attorney's fees" when the unconscionability of the arbitration agreement has yet to be determined.  *DeAngelis*, 364 F. Supp. 3d at 798.  As HDV Cleveland argues on Reply, whether the arbitration agreement's attorney fees provision is unconscionable must be decided by the arbitrator.  (Doc. No. 11 at PageID# 135.)  Therefore, the Court denies HDV Cleveland's request for attorney fees and costs.

### III.     Conclusion

For the reasons set forth above, Defendant HDV Cleveland's Motion to Stay or Dismiss in Favor of Arbitration, and for Attorney Fees and Costs (Doc. No. 8) is GRANTED IN PART and DENIED IN PART as follows.  Doe's claims against HDV Cleveland and Smith are DISMISSED.

11

HDV Cleveland's Motion for Attorney Fees and Costs is DENIED. All parties are ordered to arbitration pursuant to the terms of Paragraph 21(D) of the Lease. Smith's Motion to Dismiss (Doc. No. 14) is denied as moot.

    **IT IS SO ORDERED.**

                                                    *s/Pamela A. Barker*
                                                    PAMELA A. BARKER
Date: October 7, 2020                         U. S. DISTRICT JUDGE